```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

**BYRON DALTON, ET AL.**                                    CIVIL ACTION

**VERSUS**                                                  **NO. 16-12246**

**PROGRESSIVE SOUTHEASTERN INSURANCE**                      SECTION "B"(5)
**COMPANY, ET AL.**

## ORDER AND REASONS

Before the Court is Byron Dalton and Melinda Dalton's ("Plaintiffs") Motion to Remand. Rec. Doc. 7. The removing defendant, Progressive Southeastern Insurance Company ("Progressive" or "Defendant"), filed a memorandum in opposition. Rec. Doc. 8. For the reasons outlined below,

**IT IS ORDERED** that the Motion is **GRANTED**.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This cases arises out of a car accident that occurred at the corner of Loyola Avenue and Calliope Streets in New Orleans, Louisiana on June 7, 2015. Rec. Doc. 1-2 at 1. Plaintiff Byron Dalton was driving a 2015 Temsa BS westbound on Loyola when he stopped at a red traffic light at the intersection of Loyola and Calliope. *Id*. Defendant John Cyrus, driving a 2015 Toyota Camry, was also traveling westbound on Loyola Avenue when he struck Dalton's vehicle from the rear. *Id*. at 2. Plaintiffs allege that Dalton was driving his vehicle under the influence of alcohol at the time of the accident. *Id*. Plaintiffs filed suit in Civil District Court for the Parish of Orleans against Progressive

1

(Cyrus's insurer), State Farm Mutual Insurance Company (Plaintiffs' Underinsured Motorist carrier), and Cyrus. *Id*. at 1.

Plaintiffs' state court petition claims that Byron Dalton suffered injuries to his neck and back. *Id*. at 2. Plaintiffs seek recovery for Mr. Dalton's mental anguish, physical suffering, medical expenses, lost wages, and loss of enjoyment of life. *Id*. Plaintiffs also seek damages for Melinda Dalton's loss of consortium, services, and society due to her husband's injuries. *Id*. at 3. Finally, Plaintiffs seek exemplary damages for Cyrus's operation of the vehicle while under the influence of alcohol with a wanton and/or reckless disregard for the rights and safety of others. *Id*. On June 30, 2016, Progressive filed a Notice of Removal based upon diversity jurisdiction. Rec. Doc. 1. Plaintiffs then filed the present Motion to Remand.

## II.  THE PARTIES' CONTENTIONS

Plaintiffs' Motion to Remand claims that Progressive must put forth affirmative evidence demonstrating that the amount in controversy exceeds $75,000. Rec. Doc. 7-1 at 1. They claim that Defendant's "listing of boilerplate categories of damages" is insufficient to prevent remand. *Id*. at 2. Because Defendant has not presented any affirmative evidence, Plaintiffs maintain that the case must be remanded. *Id*. at 3.

Progressive maintains that it is facially apparent from the petition that Plaintiffs' claims exceed the jurisdictional amount.

2

Rec. Doc. 8 at 3. Defendant analogizes this case to *Gebbia v. Wal-Mart Store, Inc.*, 233 F.3d 880 (5th Cir. 2000), and *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999), claiming that the two Fifth Circuit decisions demonstrate that the amount in controversy is also facially apparent here. Rec. Doc. 8 at 3. Furthermore, Defendant claims that the prayer for exemplary damages alone pushes the amount in controversy over $75,000 because the jury could choose to assess any amount of damages to punish Cyrus for driving under the influence. *Id.* Accordingly, Progressive contends that "there is more than enough information on the face of the pleading . . . to show that the amount in controversy is in excess of the jurisdictional amount." *Id.* at 4.

### III. <u>LAW AND ANALYSIS</u>

The federal removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." 28 U.S.C. § 1441. The removing party bears the burden of proving the existence of federal jurisdiction. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The United States Court of Appeals for the Fifth Circuit has repeatedly instructed that any ambiguities should be construed against removal and in favor of remand. *Manguno v. Prudential Prop. And Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Here, Plaintiffs do not contest the existence of complete diversity. Rather, they

3

maintain that the $75,000 amount in controversy threshold is not met. 28 U.S.C. § 1332(a).

"Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000) (internal citations omitted). A defendant may prove this in one of two ways: (1) show that it is facially apparent from the pleadings that the plaintiff's claims are for more than $75,000; or (2) set forth "facts in controversy that support a finding of the requisite amount." *Id.* at 882-83. However, removal cannot be based on conclusory allegations. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

Here, Progressive contends that the amount in controversy is facially apparent from Plaintiff's state court pleading. Defendant primarily relies on analogies to *Gebbia w. Wal-Mart Store, Inc.* and *Luckett v. Delta Airlines, Inc.* to demonstrate that the amount in controversy is met. However, Progressive fails to identify the ways in which these cases are similar to the case at hand. In *Gebbia*, the Fifth Circuit found that the amount in controversy was facially apparent from the pleadings because Plaintiff alleged injuries to her wrist, knee, upper back, and lower back and sought damages for medical expenses, physical pain and suffering, mental

4

anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, as well as permanent disability and disfigurement. *Gebbia*, 233 F.3d at 883. While Plaintiffs in this matter seek damages on many of the same grounds, Byron Dalton has not alleged permanent disability or disfigurement, nor has he sought damages for loss of earning capacity, making it appear from the face of the complaint that his injuries are far less severe than those suffered by the *Gebbia* plaintiff.

In *Luckett*, the Fifth Circuit found that the amount in controversy was facially apparent from the pleadings because plaintiff "alleged damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework after the hospitalization." *Luckett*, 171 F.3d at 298. All of those damages arose out of Delta's loss of plaintiff's luggage containing her heart medication, which caused her to suffer congestive heart failure, pulmonary edema, and respiratory distress. *Id*. at 297. Again, it is not facially apparent from the pleadings here that Byron Dalton suffered such extreme injuries. The petition only alleges vague injuries to the neck and back. Rec. Doc. 1-2 at 2. Moreover, it does not allege that he required emergency treatment or a hospital stay—only that he required a trip to a physician's office. *Id*. Accordingly, *Gebbia* and *Luckett* are factually distinguishable. The amount in controversy here

5

appears to fall below the amounts sought in *Gebbia* and *Luckett* but above the amount sought in *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999).

In *Simon*, the Fifth Circuit concluded that it was not facially apparent from the pleadings that the amount in controversy was satisfied because the complaint "alleged, with little specificity, damages from less severe physical injuries—an injured shoulder, bruises, and abrasions—and unidentified medical expenses for Simon, plus loss of consortium for Elwin." *Id*. at 850-51. The court further found that, if plaintiff had alleged damages for "loss of property, emergency transportation, hospital stays, specific types of medical treatment, emotional distress, functional impairments, or disability," the complaint would have supported a "substantially larger monetary basis for federal jurisdiction." *Id*. at 851. While the facts of this case indicate a somewhat greater amount in controversy than *Simon* and a lesser amount than *Luckett* and *Gebbia*, this Court finds that they are closer to those of *Simon*.

First, like *Simon*, the petition provides no specificity as to the extent of the injuries to Mr. Dalton's neck and back, nor does it give specifics as to the medical treatment received by Mr. Dalton. Also similar to *Simon*, Mrs. Dalton seeks damages for loss of consortium. Though Mr. Dalton also alleges damages for mental anguish, physical suffering, lost wages, and loss of enjoyment of

life, there are absolutely no specifics provided as to any of these claims that would lead the Court to believe that the damages alleged rise to the level of those in *Gebbia* or *Luckett*. Finally, Progressive's claim that the request for exemplary damages on its own justifies federal jurisdiction is without merit.

Defendant claims that, because the jury could award any amount for exemplary damages, $75,000 is clearly in controversy. However, in Louisiana, exemplary damages must bear some proportion to the real damage sustained, *see Adams v. J.E. Merit Const., Inc.*, 97-2005 (La. 5/19/98); 712 So. 2d 88, 91, and "it is extremely rare for the amount of exemplary damages awarded to exceed the total amount of compensatory damages in a case." *Lacoste v. Crochet,* 1999-0602, p. 10 (La. App. 4 Cir. 1/5/00); 751 So. 2d 998, 1005. Accordingly, the fact that exemplary damages are sought does not automatically demonstrate that the amount in controversy requirement is facially apparent, especially considering the vague allegations regarding compensatory damages. Due to the petition's lack of specificity and reliance upon boilerplate categories of damages, this Court finds that the requisite amount in controversy is not facially apparent. *See Coburn v. Int'l Paper Co.*, No. 12-2163, 2013 WL 4776481, at *2 (W.D. La. Sept. 4, 2013). Moreover, Defendant points to no facts in controversy that would support a finding of the requisite amount. *See Gebbia,* 233 F.3d at 882-83. Therefore, this Court finds that Progressive has failed carry its

7

burden of establishing the amount in controversy by a preponderance of the evidence. *Id*. at 882.

**IV.   CONCLUSION**

For the reasons discussed above,

**IT IS ORDERED** that the motion is **GRANTED** and the matter **REMANDED**.

New Orleans, Louisiana, this 3rd day of August, 2016.

_____
SENIOR UNITED STATES DISTRICT JUDGE